IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AGCO CORPORATION, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | CIVIL ACTION NO 09-199-KD |
| | ) | |
| MASSEY TRACTOR CO., INC., | ) | |
| WIL E. MASSEY, JESSICA MASSEY | ) | |
| and PINE BELT TRACTOR, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on Plaintiff AGCO Corporation's Complaint and Motion for Temporary Restraining Order and Preliminary Injunction. (Docs. 1, 3). For the reasons stated herein, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

## I.   Background

Plaintiff alleges that on or about October 15, 2003, it entered into an Agreement for Wholesale Financing ("Floor Plan") with Defendant Massey Tractor Co., Inc. ("Massey Tractor"), pursuant to which both parties agreed to the terms of Massey Tractor's inventory financing, and that on or about May 26, 2006, Defendant Massey Tractor also entered into an agreement entitled AGCO Corporation Dealer Sales and Service Agreement ("Dealership Agreement"). (Doc. 1).

Plaintiff alleges that Defendant Massey Tractor has breached the terms of both the Dealership Agreement and Floor Plan by selling inventory "out of trust" – *i.e.*, to retail customers without remitting to Plaintiff the balances owed on the collateral in which it holds a perfected security interest. Specifically, Plaintiff asserts that Defendant Massey Tractor has sold 13 different items of farm equipment out of trust even though the Floor Plan requires payment of the full balance owed on each item of collateral as it is sold. Plaintiff contends that the amount owed by defendants,

pursuant to the Dealership Agreement and Floor Plan, is in excess of $300,000, exclusive of interest and costs.[1]  Additionally, Plaintiff alleges that it has a perfected security interest (and thus is entitled to immediate possession) in certain property and intangibles owned by Defendant Massey Tractor pursuant to the Floor Plan and a UCC financing statement filed with the Alabama Secretary of State, as well as in specific items of equipment and inventory which are in the possession, custody and control of Defendant Massey Tractor.  Plaintiff asserts that it is entitled to immediate possession of the items due to Defendant Massey Tractor's default under the Floor Plan and Dealership Agreement, but that Defendant Massey Tractor has withdrawn and otherwise refused permission for Plaintiff to enter its place of business to repossess these items.

## II.    Legal Standard

To be entitled to a temporary restraining order, plaintiff must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."  Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citing Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995)).  See also Hammock ex rel. Hammock v. Keys et al., 93 F. Supp 2d 1222, 1226-1227 (S.D. Ala. 2000).  "The same standard applies to a request for a temporary restraining order as to a request for a preliminary injunction."  Morgan Stanley DW, Inc., v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) (citing Ingram, 50 F.3d at 900)).  Moreover, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant has clearly satisfied the burden of persuasion as to the

---

[1]  Plaintiff also claims that defendants are liable for prejudgment interest, attorneys' fees, late charges and other contractual charges, plus court costs.

2

four requisites.  See, e.g., McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998);

Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896

F.2d 1283, 1285 (11th Cir. 1990).

**III.   Analysis**

      Plaintiff seeks a temporary restraining order enjoining Defendant Massey Tractor, Co., Inc.,

from disposing of collateral in which Plaintiff claims a security interest and from refusing to allow

Plaintiff to take possession of that collateral.  In support of its motion, Plaintiff alleges that it "will

suffer irreparable harm without adequate remedy at law" in the absence of such relief because the

collateral at issue is for sale to the public and Defendant Massey Tractor has already sold 13 items

of equipment in which Plaintiff held a security interest – without paying Plaintiff.  (Doc. 3 at 3).

Plaintiff asserts that Defendant Massey Tractor has refused to allow repossession of its collateral and

that "[t]here is a substantial risk that the equipment and parts will be sold, leased, rented or

otherwise disposed of in a manner which will deprive plaintiff of its interest in the items unless the

Court allows time to be removed to a secure location."  (Id.)  Plaintiff contends that "[t]he ability

of defendants to pay the debt if the collateral is lost is unknown, and thus plaintiff may not have

adequate remedy at law because it will be unable to recover on its loans."  (Id.)

      Plaintiff has failed to establish that it would suffer irreparable injury such that it has no

adequate remedy at law should the relief sought not be granted.  "An injury is 'irreparable' only if

it cannot be undone through monetary damages."  Cate v. Oldham, 707 F.2d 1176, 1189 (11th Cir.

1983) (citations omitted).  Plaintiff's assertion that "[t]he ability of the defendants to pay the debt

if the collateral is lost is unknown," is insufficient to establish the requisite irreparable injury

element for entry of a temporary restraining order.   Accordingly, the motion for temporary

restraining order is due to be denied based on the pleadings and evidence currently before the Court.

**IV.    Conclusion**

For the reasons stated herein, Plaintiff's motion is **GRANTED** in part and **DENIED** in part as follows.  The Court finds that upon consideration of the evidence presented and for the reasons set forth herein, Plaintiff has not met its burden and thus, its Motion for a Temporary Restraining Order is **DENIED.**  However, the Court finds that Plaintiff's motion for a preliminary injunction hearing is due to be **GRANTED.**  As such, it is **ORDERED** that a hearing will be held on **April 27, 2009 at 9:00 a.m**., in Courtroom 5-A, United States District Court for the Southern District of Alabama, 113 St. Joseph Street, Mobile, Alabama, 36602.

**DONE** and **ORDERED** this the **14**[th] day of **April 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**